THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHANE A. STUBBS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No. 5:08-cv-369 (CAR) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case is before the Court on the Report and Recommendation of the United States Magistrate Judge, who recommends that the Court affirm the decision of the Commissioner of Social Security, determining that Plaintiff was no longer eligible for Social Security disability benefits. Plainitff has entered an objection to the Recommendation, but Defendant contends that the objection was untimely. The Court also notes that Plaintiff's objection does not raise any specific contentions of error in the Recommendation, but primarily restates arguments that were presented to the Magistrate Judge in Plaintiff's original briefs. Nevertheless, the Court has conducted a *de novo* review of the administrative record and the Commissioner's decision.

Upon review of the record, the Court finds that the Commissioner applied the correct legal standards and that his decision was supported by substantial evidence. The Recommendation sets forth a detailed analysis of the administrative record and of the applicable legal standards, and that analysis need not be restated. The analysis in the Recommendation confirms the finding of the

1

Administrative Law Judge that Plaintiff had certain severe limitations, but that he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy.

Plaintiff's limitations are primarily psychological and intellectual in nature. Documents in the record show that Plaintiff's intelligence is in the low average range. At the time Plaintiff was first found to be disabled in 2001, when he was thirteen years old, Plaintiff was experiencing emotional difficulties that aggravated his intellectual limitations. He was diagnosed with Attention Deficit Hyperactivity Disorder. His emotional difficulties were frequently manifested in aggressive and defiant behaviors in the classroom and at home, including fighting, temper tantrums, and screaming fits.

The record shows that Plaintiff made significant progress in overcoming his emotional difficulties in his late teen years. The Court pays particular attention to the records of Dr. Mark Prigatano, a psychologist who saw Plaintiff on a regular basis from January 2005 to July 2007. These records suggest that Plaintiff's emotional difficulties may have been largely the result of a dysfunctional relationship with his biological mother, who resides in Ohio. It appears that Plaintiff eventually adjusted and learned how to deal with this relationship in a healthy way. See, e.g., R341. Dr. Prigatano's records show that Plaintiff grew out of the disruptive behaviors of his early adolescence, and by the time Plaintiff graduated high school in 2006 he was displaying increasing stability and maturity. Although the records indicate that Plaintiff continued to experience some psychological concerns, such as dysthymia, anxiety, and excessive impulsivity (See R481), there is nothing to indicate that these concerns were disabling.

Dr. Prigatano's observations are consistent with Plaintiff's demeanor as observed by the ALJ during the hearing on January 31, 2008. The ALJ was impressed by Plaintiff's attitude, and found

him to a person with "good ambition" who was trying to make the best of his life. R517. The transcript of the hearing supports this impression. Plaintiff did not attempt to present himself as a victim and demonstrated commitment to his goals. At the time of the hearing, Plaintiff was enrolled in technical college studying welding. Although he was having difficulty with some of the academic aspects of the program, particularly in mathematics, he expressed his intention to complete the program. Plaintiff displayed this same persistence in overcoming his emotional problems and in completing high school.

Given the present record, the Court can conclude that Plaintiff's primary limitation is intellectual rather than psychological in nature. As noted, Plaintiff's intelligence scores have consistently placed him in the low average range. Although this limitation will continue to present challenges, it is not sufficient to render Plaintiff "disabled," as defined in the Social Security regulations. The record indicates that Plaintiff has largely mastered the emotional difficulties of his youth and has demonstrated the character to deal with challenges. The Court is hopeful that Plaintiff will find a way to be a productive and valued employee in some line of work.

Accordingly, the Recommendation of the United States Magistrate Judge (Doc. 14) is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. For the reasons set forth in the Recommendation, the decision of the Commissioner is **AFFIRMED**.

It is SO ORDERED this 26th day of March, 2010.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

chw